# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAS VEGAS DEVELOPMENT GROUP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>2014-IH BORROWER, LP, *et al.*,<br><br>Defendants.<br>AND ALL RELATED COUNTER ACTIONS | Case No. 2:15-cv-00396-RFB-EJY<br><br>**ORDER** |

## I. INTRODUCTION

Before the Court are Intervenor-Defendants Federal Housing Finance Agency's ("FHFA") and the Federal National Mortgage Association ("Fannie Mae") Motion for Summary Judgment, Counter Claimants THR Nevada II LP's ("Owner Entities") Motion for Summary Judgment, and Counter Claimant THR Nevada II LP's Motion for Summary Judgment.[1] ECF Nos. 144, 145, 160. For the following reasons, the Court grants the Fannie Mae and the FHFA's motion and denies the other motions.

## II. PROCEDURAL BACKGROUND

Plaintiff Las Vegas Development Group, LLC ("LVDG") filed its complaint on January 9, 2015 in the Eighth Judicial District Court of Clark County. ECF No.1 In the complaint, LVDG

---

[1] This summary judgment motion appears to have been filed in error.

- 1 -

sought declaratory relief that a Las Vegas Property it acquired at a foreclosure sale conducted under Chapter 116 of the Nevada Revised Statutes ("NRS") had extinguished a deed of trust previously recorded on the Property. To that end, LVDG brings quiet title, unjust enrichment, equitable mortgage, slander of title, conversion, wrongful foreclosure, and rescission claims against Defendants. ECF No. 1-1. Defendant Fannie Mae removed the case to federal court on March 4, 2015. ECF No. 1. Fannie Mae answered the complaint and asserted counterclaims for quiet title and declaratory relief against LVDG on March 11, 2015. ECF No.4. Defendant Recontrust Company filed its answer on March 11, 2015. ECF No. 5. Fannie Mae later filed an amended answer in August 2015. ECF No. 46. On October 13, 2016, the Court granted a motion to stay. ECF No. 97. On December 15, 2017, the Court lifted the stay. ECF No. 114. On September 26, 2018, the Court stayed the case again pending the Nevada Supreme Court's resolution of pertinent cases. ECF No. 136. On April 10, 2019, the Court lifted the stay. ECF No. 139. On May 17, 2019, Fannie Mae and FHFA filed the instant motion for summary judgment. ECF No. 144. A reply and response were filed. ECF Nos. 150, 152. On May 30, 2019, the Owner Entities moved for summary judgment. ECF No. 145. A response and reply were filed. ECF Nos. 151, 155. The Owner Entities filed a second motion for summary judgment on September 12, 2019. ECF No. 160.

### III. FACTUAL BACKGROUND

The Court makes the following findings of disputed and undisputed facts. [2]

#### a. Undisputed Facts

In May 2005, borrower Magdalena Manchester purchased Property located at 1934

---

[2] The Court takes judicial notice of the publicly recorded documents related to the deed of trust and the foreclosure as well as Fannie Mae's Single-Family Servicing Guide. Fed. R. Evid. 201 (b), (d); Berezovsky v. Moniz, 869 F.3d 923, 932–33 (9th Cir. 2017) (judicially noticing the substantially similar Freddie Mac Guide); Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (permitting judicial notice of undisputed matters of public record).

Malambro Court, North Las Vegas, NV 89032 (the "Property"). To finance the purchase, Manchester took out a loan secured by a deed of trust listing Magdalena Manchester as the borrower, Republic Mortgage LLC as the lender, and the Mortgage Electronic Registration System ("MERS") as the beneficiary solely as nominee for the lender. The Property was subject to the conditions, covenants and restrictions (CC&Rs) of the Hidden Canyon Owners Association.

Manchester fell behind on HOA payments. Between July 2010 and February 2011, the HOA recorded a notice of delinquent assessment lien, followed by a notice of default and election to sell, and a notice of trustee's sale against the Property. On April 12, 2011, the HOA sold the Property to LVDG, as recorded in a trustee's deed upon sale recorded on April 13, 2011.

However, Fannie Mae had purchased the note and the deed of trust in July 2007. The relationship between Fannie Mae and its servicers, is governed by Fannie Mae's Single-Family Servicing Guide ("the Guide"). The Guide provides that servicers may act as record beneficiaries for deeds of trust owned by Fannie Mae. It also requires that servicers assign the deeds of trust to Fannie Mae on Fannie Mae's demand. The Guide states:

> The servicer ordinarily appears in the land records as the mortgagee to facilitate performance of the servicer's contractual responsibilities, including (but not limited to) the receipt of legal notices that may impact Fannie Mae's lien, such as notices of foreclosure, tax, and other liens. However, Fannie Mae may take any and all action with respect to the mortgage loan it deems necessary to protect its ... ownership of the mortgage loan, including recordation of a mortgage assignment, or its legal equivalent, from the servicer to Fannie Mae or its designee. In the event that Fannie Mae determines it necessary to record such an instrument, the servicer must assist Fannie Mae by [ ] preparing and recording any required documentation, such as mortgage assignments, powers of attorney, or affidavits; and [by] providing recordation information for the affected mortgage loans.

The Guide also allows for a temporary transfer of possession of the note when necessary for servicing activities, including "whenever the servicer, acting in its own name, represents the interests of Fannie Mae in ... legal proceedings." The temporary transfer is automatic and occurs at the commencement of the servicer's representation of Fannie Mae. The Guide also includes a

chapter regarding how servicers should manage litigation on behalf of Fannie Mae. But the Guide clarifies that "Fannie Mae is at all times the owner of the mortgage note[.]" Finally, under the Guide, the servicer must "maintain in the individual mortgage loan file all documents and system records that preserve Fannie Mae's ownership interest in the mortgage loan."

Finally, the Guide "permits the servicer that has Fannie Mae's [limited power of attorney] to execute certain types of legal documents on Fannie Mae's behalf." The legal documents include full or partial releases or discharges of a mortgage; requests to a trustee for a full or partial reconveyance or discharge of a deed of trust, modification or extensions of a mortgage or deed of trust; subordination of the lien of a mortgage or deed of trust, conveyances of a Property to certain entities; and assignments or endorsements of mortgages, deeds of trust, or promissory notes to certain entities.

In 2008, Congress passed the Housing and Economic Recovery Act ("HERA"), 12 U.S.C. § 4511 *et seq.*, which established the Federal Housing Finance Agency ("FHFA"). HERA gave FHFA the authority to oversee the government-sponsored enterprises Fannie Mae and the Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively, the "Enterprises"). In accordance with its authority, FHFA placed the Enterprises, including Fannie Mae, under its conservatorship in 2008. At no point did the FHFA or Fannie Mae consent to the HOA foreclosure sale in this case.

In addition to failing to pay HOA assessments, Manchester also defaulted on the original loan. After she defaulted, then-servicer of the loan Bank of America, N.A. ("BANA") recorded a notice of trustee's sale on November 29, 2011. BANA foreclosed under the deed of trust and the Property was conveyed to Fannie Mae on December 28, 2011, as recorded in a trustee's deed upon sale on January 4, 2012. The Trustee's deed upon sale was recorded on January 4, 2012. A

corporation assignment of deed of trust from BANA to Fannie Mae was also recorded on January 4, 2012. On February 1, 2013, Fannie Mae sold the Property to THR Nevada II, LP.[3]

### b. Disputed Facts

The parties dispute the legal effect of the circumstances.

## IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

## V. DISCUSSION

The Federal Foreclosure Bar, 46 U.S.C. § 4617(j)(3) resolves this matter.[4] The Ninth

---

[3] The deed of trust proceeded to pass through several different entities after being sold to THR Nevada II, LP, ending with 2014-1 IH Borrower, which is the current title owner of the Property.

[4] Because the Court finds the applicability of the Federal Foreclosure Bar to be dispositive in this matter, the Court declines to address other arguments made regarding the validity or constitutionality of the HOA foreclosure sale.

Circuit has held that the Federal Foreclosure Bar preempts foreclosures conducted under NRS Chapter 116 from extinguishing a federal enterprise's property interest while the enterprise is under FHFA's conservatorship unless FHFA affirmatively consented to the extinguishment of the interest. Berezovsky v. Moniz, 869 F.3d 923, 927–31 (9th Cir. 2017) (applying the Federal Foreclosure Bar to preempt the nonjudicial foreclosure of a property owned by Freddie Mac). Under Berezovsky, summary judgment based on the Federal Foreclosure Bar is warranted if the evidence establishes that the enterprise had an interest in the property at the time of the foreclosure. Id. at 932–33. Thus, under the binding Berezovsky decision, the Court finds that the Federal Foreclosure Bar preempts the foreclosure from extinguishing the deed of trust that Fannie Mae acquired in 2005.

LVDG argues that Fannie Mae's arguments regarding the Federal Foreclosure Bar are time-barred. In previously published decisions, and in the absence of subsequent Ninth Circuit or Nevada Supreme Court caselaw, this Court has found that the six-year limitations period under section 4617(j) of HERA applies to claims brought by Fannie Mae. The Court incorporates by reference its reasoning in those cases. See e.g., Fed. Nat'l Mortg. Ass'n v. Haus, No. 2:17-cv-01756, 2019 WL 4777294, at *1, * 3 – 5 (D. Nev. Sept. 30, 2019) (explaining why the six-year provision of 4617(j) applies to Fannie Mae's claims).

For statute of limitations calculations, the clock begins on the day the cause of action accrued. Clark v. Robison, 944 P.2d 788, 789 (Nev. 1997). A cause of action accrues "when a suit may be maintained thereon." Id. In this case, the HOA foreclosure sale occurred on April 12, 2011. Fannie Mae filed its counterclaims on March 11, 2015. The Court finds that the claims are timely filed.

Despite Berezovsky, LVDG attempts to avoid an unfavorable entry of summary judgment

by arguing that Fannie Mae never acquired a property interest because it failed to comply with state laws regarding recordation. LVDG also argues that the bona fide purchaser doctrine precludes Fannie Mae from asserting a property interest, and that Fannie Mae fails to provide the proper foundation for the evidence it relies on when arguing for summary judgment. The Court addresses each argument in turn.

The Court first considers the argument pertaining to recordation. LVDG contends that Fannie Mae failed to record its interest in the Property, listing itself as the record beneficiary under the deed of trust, as required by the Nevada's recording statutes. The Nevada Supreme Court's decision in Daisy Trust v. Wells Fargo Bank, forecloses the argument. 445 P.3d 846 (Nev. 2019). In Daisy Trust, the Nevada Supreme Court held that the state recording statutes, prior to the 2011 amendments, do not require an assignment of beneficial interests under a deed of trust to be recorded and failure to record does not prevent an assignee from enforcing its interest later. Id. at 849; see also Berezovsky, 869 F.3d at 932 (explaining the relationship between the Federal Foreclosure Bar and NRS 106.210). Because Fannie Mae acquired the loan in 2005, the Nevada recording statutes did not require Fannie Mae to record the assignment of beneficial interests in the deed of trust in its name. Daisy Trust, 445 P.3d at 849. LVDG's recordation argument fails accordingly.

The Court also finds that LVDG cannot defeat summary judgment in favor of Fannie Mae by asserting the bona fide purchaser doctrine. The Court is again guided by the Berezovsky holding that the Federal Foreclosure Bar preempts foreclosures conducted under NRS Chapter 116 from extinguishing a federal enterprise's property interest while the enterprise is under FHFA's conservatorship; state laws that impliedly conflict with the Federal Foreclosure Bar are preempted. Berezovsky, 869 F.3d at 931. Thus, Nevada's bona fide purchaser laws are preempted to the extent

that the laws would allow for the extinguishment of Fannie Mae's interest without FHFA's consent.

The Court next considers if Fannie Mae provided the proper foundation and sufficient evidence to show it acquired a property interest prior to the foreclosure sale. To establish Fannie Mae's property interest, Fannie Mae attaches printouts from its electronic database. The printouts are accompanied by a declaration of John Curcio, an assistant vice president with Fannie Mae, and by Tiffany Barnfield, an assistant vice president with BANA. LVDG argues that this evidence is insufficient to establish Fannie Mae's ownership.

The Court disagrees. Curcio translates the printouts and identifies the Guide. In doing so, he specifically declares that the records were made throughout the course of business by persons with knowledge as to the business events. He also specifically identifies the portions of the printouts that detail the date that Fannie Mae acquired the note and the deed of trust. Barnfield's declaration also confirms that business records were made in the course of BANA's regularly conducted activity, and confirms that BANA was servicing the loan on behalf of Fannie Mae.

Furthermore, the Ninth Circuit has allowed the FHFA and the federal enterprises, such as Fannie Mae, to prove a property interest with materially identical evidence on multiple occasions. See Berezovsky, 869 F.3d at 932–33 (allowing the Guide, employee declarations, and computer screenshots to establish Freddie Mac's property interest); Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC, 893 F.3d 1136, 1149–50 (9th Cir. 2018) (same). Likewise, and most importantly, the Nevada Supreme Court allowed a federal enterprise under FHFA's conservatorship to prove its property interest with materially identical evidence. See Daisy Trust, 445 P.3d at 849 (favorably citing Berezovsky).

The printouts, in conjunction with the Guide, establish that a principal-agency relationship

existed between Fannie Mae and BANA as required in Berezovsky. 869 F.3d at 933. The documents also establish that Fannie Mae purchased the loan in 2005—prior to the foreclosure sale—and owned it at the time of the foreclosure sale. Fannie Mae has therefore presented sufficient evidence under Berezovsky to prevail on summary judgment.

Based on the forgoing, the Court grants summary judgment in favor of Fannie Mae and declares that the Federal Foreclosure Bar prevented the foreclosure sale from extinguishing Fannie Mae's interest in the Property. The Court finds this holding to be decisive as to all claims in this matter and dismisses the remaining claims and counterclaims as a result.

### VI. CONCLUSION

**IT IS ORDERED** that Intervenor-Defendants Federal Housing Finance Agency's ("FHFA") and the Federal National Mortgage Association ("Fannie Mae") Motion for Summary Judgment (ECF No. 144) is GRANTED. The Court quiets title and declares that the HOA sale did not extinguish Fannie Mae's interest in the Property due to the operation of 12 U.S.C. § 4617(j)(3).

**IT IS FURTHER ORDERED** that Counter Claimants THR Nevada II LP's Motion for Summary Judgment (ECF No. 145) is DENIED as moot.

**IT IS FURTHER ORDERED** that Counter Claimants THR Nevada II LP's Motion for Summary Judgment (ECF No. 160) is DENIED.

**IT IS FURTHER ORDERED** that the lis pendens filed in this case (ECF No. 12) be expunged.

. . .

. . .

. . .

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and close this case.

**DATED:** March 4, 2020.

                                                           **RICHARD F. BOULWARE, II**
                                                           **UNITED STATES DISTRICT JUDGE**